STEWART OCCHIPINTI, LLP
Frank S. Occhipinti (FO-7204)
65 West 36th Street, 7th Floor
New York, NY 10018
(212) 239-5500 (tel)
(212) 239-7030 (fax)
focchipinti@somlaw.com

DIMONTE & LIZAK, LLC
Riccardo A. DiMonte
216 West Higgins Road
Park Ridge, IL 60068
(847) 698-9600 (tel)
(847) 698-9623 (fax)
(Of counsel)

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

| | |
|---|---|
| INVESTMENT ADVISORY GROUP, LLC, an Illinois Limited Liability Company, | Civil Action No.: 08cv02167 (WCC) |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| JEFFERY ASSET MANAGEMENT, LLC, a New York Limited Liability Company, | |
| Defendant. | TRIAL BY JURY DEMANDED |

-----------------------------------------------------------X

Plaintiff, INVESTMENT ADVISORY GROUP, LLC ("IAG"), by its attorneys Stewart Occhipinti, LLP and DiMonte & Lizak, LLC, complaining of the Defendant, JEFFERY ASSET MANAGEMENT, LLC ("JAM"), states as follows:

## JURISDICTION AND VENUE

1. IAG is a limited liability company organized and existing under and by virtue of the laws of the State of Illinois, whose sole member is William C. Fisher, a citizen of the State of Illinois.

2. JAM is a limited liability company organized and existing under and by virtue of the laws of the State of New York, whose sole member is James P. Jeffery, a citizen of the State of New York.

3. Subject matter jurisdiction is based upon 28 U.S.C. §1332(a), diversity of citizenship, and the matter in controversy herein exceeds the sum of $75,000, and upon 28 U.S.C. § 2201, for a declaratory judgment.

## FACTS COMMON TO ALL CLAIMS

4. On March 14, 2005, IAG and JAM entered into a written solicitation agreement (the "Agreement"), pursuant to which IAG solicited prospective investment advisory clients for JAM, in return for a fee. A true and correct copy of the Agreement is attached hereto and identified as Exhibit "A."

5. Between March 14, 2005 and March 14, 2007, pursuant to the Agreement, IAG solicited, recruited, and successfully referred seven (7) clients to JAM, namely:

   a. United Methodist Home of Connecticut; Shelton, Connecticut
   b. Lutheran Life Communities; Arlington Heights, IL
   c. Friendship Village of Schaumburg; Schaumburg, IL
   d. Air Force Villages; San Antonio, TX
   e. Elant; Goshen, NY
   f. Peace Village; Tinley Park, IL
   g. Army Residence Communities; San Antonio, TX

6. Upon information and belief, between March 14, 2005 and March 14, 2007, IAG's seven (7) clients generated management fees for JAM.

7. Pursuant to the Agreement, IAG is entitled to 50% of the gross investment management fee earned and collected by JAM for clients refereed by IAG.

8. Periodically, between March 14, 2005 and March 14, 2007, JAM accounted to IAG for management fees earned from IAG's seven (7) clients identified herein.

9. On March 14, 2007, the Agreement expired pursuant to its own terms.

10. The Agreement specifically provides on Page 3:

This Agreement shall have a term of 2 years, provided however, that JAM or IAG may terminate this Agreement at any time, and for any reason, with or without cause, including but not limited to breach of contract, bankruptcy or default upon written notice to the business address of JAM or IAG. Such termination will only be effective as to future solicitations. You shall remain entitled to receive referral fees for all prospects accepted as clients prior to said termination, provided that those clients continue to pay fees and provided you have not breached any of the representations made in this Agreement nor the continued payment is otherwise prohibited by any applicable state or federal regulatory authority.

11. At all times relevant hereto, JAM had a duty to account to and pay IAG for management fees received by JAM before and after the termination date. However, JAM has breached the Agreement and continues to breach the Agreement by failing to do so.

12. JAM has failed to account to and pay IAG for all management fees earned and collected by JAM from clients referred by IAG for calendar year 2007.

13. Upon information and belief, at this time, JAM owes IAG in excess of $80,000, representing 50% of the gross management fees earned and collected under the Agreement.

14. JAM has a duty to account and remit to IAG for present and future management fees collected by JAM. However, JAM disputes that it has a duty to account for present and

post-termination management fees. Specifically, JAM claims it is not obligated to account to IAG because, it claims, IAG failed to obtain a solicitor disclosure statement for each of the clients referred and placed with JAM.

15. However, IAG obtained and delivered a solicitor disclosure statement for each of the clients identified in Paragraph 5 as follows:

| Date | Name of Client | Exhibit No. |
| --- | --- | --- |
| 06/24/05 | Peace Memorial Village | See Ex. B attached. |
| 07/15/05 | United Methodist Homes of CT. | See Ex. C attached. |
| 07/25/05 | Friendship Village of Schaumburg | See Ex. D attached. |
| 08/26/05 | Elant, Inc. | See Ex. E attached. |
| 08/26/05 | Air Force Villages | See Ex. F attached. |
| 07/26/06 | Lutheran Life Communities | See Ex. G attached. |
| 02/22/07 | the Army Residence Community | See Ex. H attached. |

### FIRST CLAIM FOR RELIEF
### (Declaratory Judgment)

16. Plaintiff IAG incorporates by reference each of the allegations contained in paragraphs 1 through 15 of this complaint as if fully set forth herein.

17. An actual and justiciable controversy exists between IAG and JAM regarding the respective rights, duties and obligations between IAG by JAM under the Agreement.

18. IAG is entitled to have this Court declare the respective rights and legal relations between IAG and JAM under the Agreement.

19. By reason of the foregoing, IAG seeks a judicial determination by this Court of the rights and obligations owed to IAG by JAM under the Agreement. Such a judicial

determination is necessary and appropriate at this time under the circumstances alleged.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

20. Plaintiff IAG incorporates by reference each of the allegations contained in paragraphs 1 through 19 of this complaint as if fully set forth herein.

21. The Agreement constitutes a binding and enforceable contract.

22. At all times relevant to this action, IAG fully performed its contractual obligations pursuant to its terms and conditions.

23. JAM breached the parties' Agreement in numerous ways, including:

   a. Failing to account and remit to IAG for present and future management fees collected by JAM.

   b. Failing and refusing to pay certain present and post management fees due pursuant to the terms and conditions of the Agreement.

24. IAG suffered actual, direct and consequential damages as a direct and foreseeable result of JAM's breach of the Agreement in an amount to be determined at trial.

25. By reason of the foregoing, JAM is liable to IAG for present and post-termination management fees in an amount to be determined at trial, but believed to be no less than $80,000.

## THIRD CLAIM FOR RELIEF
### (For an Accounting)

26. Plaintiff IAG incorporates by reference each of the allegations contained in paragraphs 1 through 25 of this complaint as if fully set forth herein.

27. Defendant JAM and IAG stand in a confidential and fiduciary relationship with regards to each other and by virtue of the Agreement, JAM is required to act in good faith and

fairness with respect to its obligations and duties under the Agreement.

28. As a party to the Agreement, IAG has an interest in management fees owed to it under the Agreement for its referral of seven (7) clients to JAM.

29. JAM has breached the duties it owes to IAG by failing and refusing to account and remit to IAG for present and future management fees collected by JAM.

30. By reason of the foregoing, IAG is entitled to an accounting by JAM of the gross investment management fee earned and collected by JAM and for all prospects referred to and accepted by JAM as clients prior to the termination of the Agreement, to enable it to ascertain the full amount owed to it under the Agreement.

WHEREFORE, the Plaintiff, Investment Advisory Group, LLC, requests that judgment be entered as follows:

- a. On the First Claim For Relief, for a declaratory judgment as to the respective rights, duties and obligations of the parties to the Agreement;
- b. on the Second Claim For Relief, for actual and consequential damages arising from breach of contract;
- c. on the Third Claim For Relief, for an accounting;
- d. pre and post judgment interest;
- e. attorneys' fees and costs, as permitted by law; and
- f. for any and all other relief which the Court deems just and equitable.

STEWART OCCHIPINTI, LLP

By _____
Frank S. Occhipinti
65 West 36th Street, 7th Floor
New York, NY 10018
Tel:  212-239-5500
Fax:  212-239-7030
focchipinti@somlaw.com

Riccardo A. DiMonte (of counsel)
DiMonte & Lizak, LLC
216 West Higgins Road
Park Ridge, IL 60068
Tel:  847-698-9600
Fax:  847-698-9623
rdimonte@dimontelaw.com

March 14, 2005

Investment Advisory Group, LLC
1221 North Ridge Avenue
Arlington Hts, IL. 60004

RE: Solicitor's Agreement

Dear Bill,

This agreement (the "Agreement) sets forth the terms and conditions of our mutual arrangement whereby Investment Advisory Group, LLC, (IAG) an Illinois limited liability company, shall solicit, for a fee, select prospective investment advisory clients for Jeffery Asset Management, LLC, (JAM) a New York limited liability company and registered investment adviser.

You acknowledge that you are familiar with the Investment Advisers Act of 1940 (the "Act"), and the Rules promulgated thereunder. Specifically, you acknowledge that you are familiar with the: (1) disclosure statement required to be given to prospective advisory clients under Rule 204-3 of the Act, and (2) the numerous requirements pertaining to the solicitation of prospective investment advisory clients, and the payment of referral fees therefore, as set forth under Rule 206(4)-3 of the Act. Copies of both Rules are annexed hereto and made a part of hereof.

In accordance with the aforementioned Rule 206(4)-3, you represent, and have an ongoing and continuous duty to comply with the following:

1. that you will provide all prospective investment advisory clients with a copy of Jeffery Asset Management's then most current written disclosure statement as set forth on Part II of Form ADV, your receipt of which is hereby acknowledged;

2. that you will obtain from all prospective investment advisory clients the signed and dated Disclosure Statement as required by Rule 206(4)-3 of the Act, and you will submit the original signed and dated Disclosure Statement to JAM. A copy of the proposed form of disclosure Statement is annexed hereto and made a part of hereof as Exhibit "A";


EXHIBIT A

3.  you do not give investment advice on behalf of JAM. Except for JAM's written disclosure statement as set forth on Part II of Form ADV, you will not provide prospective clients with any other marketing and/or performance-related documentation relative to JAM's investment management or consulting business without prior express authorization from the President of JAM, James P. Jeffery;

4.  that your role as solicitor is limited solely to the introduction of prospective investment advisory clients. We retain the exclusive right to accept or reject as clients any prospects you introduce to us. Specifically, we reserve the right to reject clients whose assets under direct active management are under $2mm and to reject consulting clients whose assets are under $5mm. You do not give investment advice on behalf of JAM;

5.  that you are not subject to any statutory disqualification set forth in Sections 203(e) and 203(f) of the Act, nor are you currently the subject of any investigation or proceeding which could result in statutory disqualification, a copy of which Sections 203(e) and 203(f) are annexed hereto and made a part hereof. Your obligation to advise JAM with respect to this representation shall be continuous and ongoing;

6.  that you shall conduct yourself in a professional manner at all times when acting as a Solicitor in our behalf;

7.  that upon our engagement of any prospect as a client, you shall not interfere in any manner whatsoever with our ongoing investment management services to that client; as an example but not limited to such example, you may not alter the investment advice or recommendations of JAM;

8.  that you are not an employee of JAM;

9.  that you have satisfied (or will satisfy prior to soliciting) any and all requirements imposed upon solicitors by those states in which you shall serve as a solicitor for JAM. JAM's obligation to pay referral fees is specifically contingent upon your ongoing compliance with state and/or federal regulatory requirements, as same may be amended from time to time. As an example but not limited to such example, you may not receive referral fees, including retroactive fees, for any period during which you are not registered with the appropriate regulatory organizations; and

10. that you have not signed any agreements, contracts, etc. that would prohibit you from soliciting any prospective clients, including "no-compete" agreements with former employers such as Ziegler. As a specific exception to this, you are contemplating an agreement with Marshall & Isley Bank (M&I), whereby you may exclusively solicit clients for M&I in the states of Wisconsin and Arizona.

In the event any prospect introduced to JAM by you is accepted by JAM as a client, we shall pay you a referral fee as follows:

JAM will pay 50% of the gross investment management fee to IAG for accounts that have been documented as being introduced by IAG. The net investment management fee is the gross fee less the additional expense to create performance reports. This additional expense will start after JAM has written agreements with eight (8) new clients who have been introduced by IAG and will be limited to data gathering and performance measurement software.

The referral fee shall be paid solely from JAM's investment management fee, and shall not result in any additional charge to the client. JAM's obligation to pay a referral fee to you is specifically contingent upon JAM first having received the investment management fee from the client. JAM shall have no obligation to institute legal proceedings against any client referred by you for failure to pay JAM its investment management fee.

You agree not to request a referral fee for any pension or employee benefit plan for which you serve as a fiduciary in violation of Section 406(b) of the Employee Retirement Income Security Act of 1974.

This Agreement shall have a term of 2 years, provided however, that JAM or IAG may terminate this Agreement at any time, and for any reason, with or without cause, including but not limited to breach of contract, bankruptcy or default upon written notice to the business address of JAM or IAG. Such termination will only be effective as to future solicitations. You shall remain entitled to receive referral fees for all prospects accepted as clients prior to said termination, provided that those clients continue to pay fees and provided you have not breached any of the representations made in this Agreement nor the continued payment is otherwise prohibited by any applicable state or federal regulatory authority.

IAG may not solicit clients of JAM or identified prospects of JAM with the services of any other investment adviser or consultant.

Further, you are strictly prohibited from assigning your right to receive referral fees to any party whatsoever. Any such attempted assignment shall be treated by JAM as null and void and as a breach of this Agreement.

Irrespective of the foregoing, JAM's continued obligation and ability to pay a referral fee to you under this Agreement is specifically contingent upon both JAM and IAG complying with applicable state, federal and self regulatory organization laws and regulations.

You agree to indemnify, defend, and hold harmless JAM, its members, managers, employees, and agents, from any and all damages, claims, or liabilities alleged or incurred by JAM or by any investment advisory client that you introduce to JAM, in the event that any such damages, claims, or liabilities are attributable to, or arise out of, any deviation from, or breach of, this Agreement by you. We agree to indemnify, defend, and hold harmless IAG, its members, managers, employees, and agents, from any and all damages, claims, or liabilities alleged or incurred by IAG or by any investment advisory clients that IAG introduces to JAM, in the

event that any such damages, claims, or liabilities are attributable to, or arise out of, any deviation from, or breach of, this Agreement by us.

No failure by a party hereto to exercise any right, power, or privilege that it may have under this Agreement shall operate as a waiver thereof. Further, no waiver by a party hereto of any deviation from, or breach of, this Agreement shall be deemed to be a waiver of any subsequent deviation or breach.

Except with respect to the specific registration/qualification requirements imposed upon solicitors in those states in which you shall serve as a solicitor for JAM, this Agreement shall be governed under the laws of the State of New York, and the exclusive venue for the resolution of any dispute or controversy shall be the State of New York.

This Investment Advisory Solicitation Agreement replaces and supersedes, in its entirety, all previous Investment Advisory Solicitation Agreements between the parties and can only be amended by both parties in writing.

Upon execution in the space provided below, we shall have a binding Agreement between us in accordance with the aforementioned terms and conditions.

Sincerely,

JEFFERY ASSET MANAGEMENT

BY: _____
    James P. Jeffery, Managing Member


Agreed to and accepted by this _____ day of _____, 2007


INVESTMENT ADVISORY GROUP, LLC

BY: _____
    William C. Fisher, Sole Member

Further, you are strictly prohibited from assigning your right to receive referral fees to any party whatsoever. Any such attempted assignment shall be treated by JAM as null and void and as a breach of this Agreement.

Irrespective of the foregoing, JAM's continued obligation and ability to pay a referral fee to you under this Agreement is specifically contingent upon compliance with applicable ~~state, federal, and self-regulatory organization,~~ laws and regulations. *rules;* *JAM + IAG*

You agree to indemnify, defend, and hold harmless JAM, its members, managers, employees, and agents, from any and all damages, claims, or liabilities alleged or incurred by JAM or by any investment advisory client that you introduce to JAM, in the event that any such damages, claims, or liabilities are attributable to, or arise out of, any deviation from, or breach of, this Agreement by you. We agree to indemnify, defend, and hold harmless IAG, its members, managers, employees, and agents, from any and all damages, claims, or liabilities alleged or incurred by IAG or by any investment advisory client that IAG introduces to JAM, in the event that any such damages, claims, or liabilities are attributable to, or arise out of, any deviation from, or breach of, this Agreement by us. *JAM hereby releases IAG from any liability relating to its services or its clients*

No failure by a party hereto to exercise any right, power, or privilege that it may have under this Agreement shall operate as a waiver thereof. Further, no waiver by a party hereto of any deviation from, or breach of, this Agreement shall be deemed to be a waiver of any subsequent deviation or breach.

Except with respect to the specific registration/qualification requirements imposed upon solicitors in those states in which you shall serve as a Solicitor for JAM, this Agreement shall be governed under the laws of the State of New York, and the exclusive venue (i.e. location) for the resolution of any dispute or controversy shall be the State of New York.

This Investment Advisory Solicitation agreement replaces and supersedes, in its entirety, all previous Investment Advisory Solicitation agreements between the parties and can only be amended by both parties in writing.

Upon your execution in the space provided below, we shall have a binding Agreement between us in accordance with the aforementioned terms and conditions.

Sincerely,

JEFFERY ASSET MANAGEMENT

BY: *[signature]*
James P. Jeffery, Managing Member

Agreed to and accepted by this 15 day of March, 2005

*[signature]*, Investment Advisory Group, William C. Fisher, sole manager



**INVESTMENT ADVISORY GROUP**

William C. Fisher
Managing Director
1221 North Ridge Avenue
Arlington Heights, Illinois 60004

847-867-2554

bill.fisher@IAGUS.com
www.IAGUS.com



EXHIBIT B

<u>Investment Advisory Group, LLC</u>
SOLICITOR DISCLOSURE STATEMENT
*(pursuant to Rule 206(4)-3 under the Investment Advisers Act of 1940)*

The purpose of this *Solicitor Disclosure Statement* is to comply with the requirements of Rule 206(4)-3 under the Investment Advisers Act of 1940 relative to an unaffiliated solicitor engaged by a registered investment adviser for the purpose of soliciting prospective clients on behalf of the registered investment adviser.

I currently serve as an unaffiliated solicitor for ___Jeffery Asset Management, LLC___, a registered investment adviser ("*JAM*"), whose principal office is located at ___575 Lexington Avenue, NYC, NY 10022___. In the event that you, as a result of my introduction, engage ___JAM___ to provide investment advisory services, I shall qualify to receive from *JAM* a referral fee as follows: **50% of the investment management fee.**

My receipt of the referral fee from *JAM* shall be paid solely from *JAM*'s standard investment management fee, and shall not result in any additional charge to you (i.e. if you were to engage the services of *JAM* independent of my role as an unaffiliated solicitor).

You hereby acknowledge receipt of a copy of the written disclosure statement for *JAM* as same is set forth on Part II of Form ADV (Uniform Application for Investment Adviser Registration). You understand and acknowledge that my role is limited exclusively to that of a solicitor and that I do not give, and have not given, investment-related advice on behalf of *JAM*. You further acknowledge that the only documentation and/or information that I have provided to you relative to *JAM* is limited to the *JAM* written disclosure statement as set forth on Part II of Form ADV and any general comments during our one-on-one introductory discussion.

Date: __6/24/05__                                         _____
                                                          William C. Fisher, President
                                                          Investment Advisory Group, LLC, Solicitor

Date: __10/4/05__                                         _____
                                                          Larry Hau, CFO
                                                          Peace Memorial Village



**INVESTMENT ADVISORY GROUP**

**William C. Fisher**
Managing Director
1221 North Ridge Avenue
Arlington Heights, Illinois 60004

847-867-2554

bill.fisher@IAGUS.com
www.IAGUS.com



EXHIBIT C

### Investment Advisory Group, LLC
### SOLICITOR DISCLOSURE STATEMENT
*(pursuant to Rule 206(4)-3 under the Investment Advisers Act of 1940)*

The purpose of this *Solicitor Disclosure Statement* is to comply with the requirements of Rule 206(4)-3 under the Investment Advisers Act of 1940 relative to an unaffiliated solicitor engaged by a registered investment adviser for the purpose of soliciting prospective clients on behalf of the registered investment adviser.

I currently serve as an unaffiliated solicitor for Jeffery Asset Management, LLC, a registered investment adviser ("*JAM*"), whose principal office is located at 575 Lexington Avenue, NYC, NY 10022. In the event that you, as a result of my introduction, engage *JAM* to provide investment advisory services, I shall qualify to receive from *JAM* a referral fee as follows:

**50% of the investment management fee of $20,000**

My receipt of the referral fee from *JAM* shall be paid solely from *JAM*'s standard investment management fee, and shall not result in any additional charge to you (i.e. if you were to engage the services of *JAM* independent of my role as an unaffiliated solicitor).

You hereby acknowledge receipt of a copy of the written disclosure statement for *JAM* as same is set forth on Part II of Form ADV (Uniform Application for Investment Adviser Registration). You understand and acknowledge that my role is limited exclusively to that of a solicitor and that I do not give, and have not given, investment-related advice on behalf of *JAM*. You further acknowledge that the only documentation and/or information that I have provided to you relative to *JAM* is limited to the *JAM* written disclosure statement as set forth on Part II of Form ADV and any general comments during our one-on-one introductory discussion.

Date: 7/15/05

*(signature)* William C. Fisher, President
Investment Advisory Group, LLC, Solicitor

Date: 7/27/05

*(signature)* David Lawlor, CFO
United Methodist Homes of CT.



**INVESTMENT ADVISORY GROUP**

William C. Fisher
Managing Director
1221 North Ridge Avenue
Arlington Heights, Illinois 60004

847-867-2554

bill.fisher@IAGUS.com
www.IAGUS.com



EXHIBIT D

<u>Investment Advisory Group, LLC</u>
SOLICITOR DISCLOSURE STATEMENT
*(pursuant to Rule 206(4)-3 under the Investment Advisers Act of 1940)*

The purpose of this *Solicitor Disclosure Statement* is to comply with the requirements of Rule 206(4)-3 under the Investment Advisers Act of 1940 relative to an unaffiliated solicitor engaged by a registered investment adviser for the purpose of soliciting prospective clients on behalf of the registered investment adviser.

Investment Advisory Group, LLC currently serves as an unaffiliated solicitor for <u>Jeffery Asset Management</u>, a registered investment adviser ("*JAM*"), whose principal office is located at <u>575 Lexington Avenue, New York City, NY 10022</u>. In the event that you, as a result of my introduction, engage <u>JAM</u> to provide investment advisory services, I shall qualify to receive from JAM a referral fee representing 50% of the investment management fee.

My receipt of the referral fee from *JAM* shall be paid solely from *JAM's* standard investment management fee, and shall not result in any additional charge to you (i.e. if you were to engage the services of *JAM* independent of my role as an unaffiliated solicitor).

You hereby acknowledge receipt of a copy of the written disclosure statement for *JAM* as is set forth on Part II of Form ADV (Uniform Application for Investment Adviser Registration). You understand and acknowledge that my role is limited exclusively to that of a solicitor and that I do not give, and have not given, investment-related advice on behalf of *JAM*. You further acknowledge that the only documentation and/or information that I have provided to you relative to *JAM* is limited to the *JAM* written disclosure statement as set forth on Part II of Form ADV and any general comments during our one-on-one introductory discussion.

Date: July 25, 2005

_____
William C. Fisher, President
Investment Advisory Group, LLC., Solicitor

Date: 9/1/05

_____
Kim Klockenga, CFO
Friendship Village of Schaumburg



**INVESTMENT ADVISORY GROUP**

William C. Fisher
Managing Director
1221 North Ridge Avenue
Arlington Heights, Illinois 60004

847-867-2554

bill.fisher@IAGUS.com
www.IAGUS.com



EXHIBIT E

### Investment Advisory Group, LLC
### SOLICITOR DISCLOSURE STATEMENT
*(pursuant to Rule 206(4)-3 under the Investment Advisers Act of 1940)*

The purpose of this *Solicitor Disclosure Statement* is to comply with the requirements of Rule 206(4)-3 under the Investment Advisers Act of 1940 relative to an unaffiliated solicitor engaged by a registered investment adviser for the purpose of soliciting prospective clients on behalf of the registered investment adviser.

I currently serve as an unaffiliated solicitor for Jeffery Asset Management, LLC, a registered investment adviser ("*JAM*"), whose principal office is located at 575 Lexington Avenue, NYC, NY 10022. In the event that you, as a result of my introduction, engage *JAM* to provide investment advisory services, I shall qualify to receive from *JAM* a referral fee as follows:

### 50% of the investment management fee

My receipt of the referral fee from *JAM* shall be paid solely from *JAM's* standard investment management fee, and shall not result in any additional charge to you (i.e. if you were to engage the services of *JAM* independent of my role as an unaffiliated solicitor).

You hereby acknowledge receipt of a copy of the written disclosure statement for *JAM* as same is set forth on Part II of Form ADV (Uniform Application for Investment Adviser Registration). You understand and acknowledge that my role is limited exclusively to that of a solicitor and that I do not give, and have not given, investment-related advice on behalf of *JAM*. You further acknowledge that the only documentation and/or information that I have provided to you relative to *JAM* is limited to the *JAM* written disclosure statement as set forth on Part II of Form ADV and any general comments during our one-on-one introductory discussion.

Date: 8/26/05

William C. Fisher, President
Investment Advisory Group, LLC, Solicitor

Date: 9/19/05

Todd Whitney, Executive Vice President
Elant, Inc.



**INVESTMENT ADVISORY GROUP**

William C. Fisher
Managing Director
1221 North Ridge Avenue
Arlington Heights, Illinois 60004

847-867-2554

bill.fisher@IAGUS.com
www.IAGUS.com



EXHIBIT
F

<u>Investment Advisory Group, LLC</u>
SOLICITOR DISCLOSURE STATEMENT
*(pursuant to Rule 206(4)-3 under the Investment Advisers Act of 1940)*

 The purpose of this *Solicitor Disclosure Statement* is to comply with the requirements of Rule 206(4)-3 under the Investment Advisers Act of 1940 relative to an unaffiliated solicitor engaged by a registered investment adviser for the purpose of soliciting prospective clients on behalf of the registered investment adviser.

 I currently serve as an unaffiliated solicitor for <u>Jeffery Asset Management, LLC</u>, a registered investment adviser ("*JAM*"), whose principal office is located at <u>575 Lexington Avenue, NYC, NY 10022</u>. In the event that you, as a result of my introduction, engage *JAM* to provide investment advisory services, I shall qualify to receive from *JAM* a referral fee as follows:

50% of the investment management fee

 My receipt of the referral fee from *JAM* shall be paid solely from *JAM's* standard investment management fee, and shall not result in any additional charge to you (i.e. if you were to engage the services of *JAM* independent of my role as an unaffiliated solicitor).

 You hereby acknowledge receipt of a copy of the written disclosure statement for *JAM* as same is set forth on Part II of Form ADV (Uniform Application for Investment Adviser Registration). You understand and acknowledge that my role is limited exclusively to that of a solicitor and that I do not give, and have not given, investment-related advice on behalf of *JAM*. You further acknowledge that the only documentation and/or information that I have provided to you relative to JAM is limited to the *JAM* written disclosure statement as set forth on Part II of Form ADV and any general comments during our one-on-one introductory discussion.

Date: 8/26/05

                 William C. Fisher, President
              Investment Advisory Group, LLC, Solicitor

Date: 9/1/05

               Ron Jennette, Chief Financial Officer
                   Air Force Villages



**INVESTMENT ADVISORY GROUP**

William C. Fisher
President
1221 North Ridge Avenue
Arlington Heights, Illinois 60004

Cell: 847-867-2554
Office: 847-398-1499

bill.fisher@IAGUS.com
www.IAGUS.com



EXHIBIT G

## Investment Advisory Group, LLC
### SOLICITOR DISCLOSURE STATEMENT
*(pursuant to Rule 206(4)-3 under the Investment Advisers Act of 1940)*

The purpose of this *Solicitor Disclosure Statement* is to comply with the requirements of Rule 206(4)-3 under the Investment Advisers Act of 1940 relative to an unaffiliated solicitor engaged by a registered investment adviser for the purpose of soliciting prospective clients on behalf of the registered investment adviser.

Investment Advisory Group, LLC currently serves as an unaffiliated solicitor for <u>Jeffery Asset Management</u>, a registered investment adviser ("*JAM*"), whose principal office is located at <u>575 Lexington Avenue, New York City, NY 10022</u>. In the event that you, as a result of my introduction, engage <u>JAM</u> to provide investment advisory services, I shall qualify to receive from JAM a referral fee representing 50% of the investment management fee.

My receipt of the referral fee from *JAM* shall be paid solely from *JAM*'s standard investment management fee, and shall not result in any additional charge to you (i.e. if you were to engage the services of *JAM* independent of my role as an unaffiliated solicitor).

You hereby acknowledge receipt of a copy of the written disclosure statement for *JAM* as is set forth on Part II of Form ADV (Uniform Application for Investment Adviser Registration). You understand and acknowledge that my role is limited exclusively to that of a solicitor and that I do not give, and have not given, investment-related advice on behalf of *JAM*. You further acknowledge that the only documentation and/or information that I have provided to you relative to *JAM* is limited to the *JAM* written disclosure statement as set forth on Part II of Form ADV and any general comments during our one-on-one introductory discussion.

Date: 7/25/06

William C. Fisher, President
Investment Advisory Group, LLC., Solicitor

Date: 7/31/06

Carl Moellenkamp, CFO
Lutheran Life Communities



**INVESTMENT ADVISORY GROUP**

William C. Fisher
President
1221 North Ridge Avenue
Arlington Heights, Illinois 60004
Cell: 847-867-2554
Office: 847-398-1499

bill.fisher@IAGUS.com
www.IAGUS.com

<u>Investment Advisory Group, LLC</u>
SOLICITOR DISCLOSURE STATEMENT
(pursuant to Rule 206(4)-3 under the Investment Advisers Act of 1940)

The purpose of this *Solicitor Disclosure Statement* is to comply with the requirements of Rule 206(4)-3 under the Investment Advisers Act of 1940 relative to an unaffiliated solicitor engaged by a registered investment adviser for the purpose of soliciting prospective clients on behalf of the registered investment adviser.

I currently serve as an unaffiliated solicitor for Jeffery Asset Management, LLC, a registered investment adviser ("*JAM*"), whose principal office is located at 575 Lexington Avenue, NYC, NY 10022. In the event that you, as a result of my introduction, engage *JAM* to provide investment advisory services, I shall qualify to receive from *JAM* a referral fee as follows:

50% of the investment management fee

My receipt of the referral fee from *JAM* shall be paid solely from *JAM*'s standard investment management fee, and shall not result in any additional charge to you (i.e. if you were to engage the services of *JAM* independent of my role as an unaffiliated solicitor).

You hereby acknowledge receipt of a copy of the written disclosure statement for *JAM* as same is set forth on Part II of Form ADV (Uniform Application for Investment Adviser Registration). You understand and acknowledge that my role is limited exclusively to that of a solicitor and that I do not give, and have not given, investment-related advice on behalf of *JAM*. You further acknowledge that the only documentation and/or information that I have provided to you relative to JAM is limited to the *JAM* written disclosure statement as set forth on Part II of Form ADV and any general comments during our one-on-one introductory discussion.

Date: 2/22/07

*William C. Fisher*
William C. Fisher, President
Investment Advisory Group, LLC, Solicitor

Date: 02/27/07

*Bruce Chittenden*
Bruce Chittenden, CFO
The Army Residence Community

**EXHIBIT H**